U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 29, 2022

**BY ECF**



The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Sq.
New York, NY 10007

    Re:    <u>United States v. Cristobal</u>, S1 20 Cr. 463 (KPF)

Dear Judge Failla:

    The Government writes to oppose the defendant's motion to modify the conditions of her pretrial release. (Dkt. 80).

    As the Court knows, Dr. Cristobal has been released on a $100,000 bond that is secured by a confession of judgment on her home. She now asks the Court to eliminate that security, because she says that it prevents her from re-financing. (Dkt. 80 at 1). The Court imposed the challenged confession-of-judgment condition less than a year ago, after Dr. Cristobal violated the (less stringent) terms of release that had been imposed on the day of her arrest. The condition was then, and is now, entirely appropriate, and should remain in place.

    On July 8, 2020, Dr. Cristobal was released on an unsecured personal recognizance bond in the amount of $100,000. The release order imposed a number of conditions on the defendant, including among other things that she surrender any passport to Pretrial Services and not apply for or obtain a new passport. (Dkt. 32 at 6-7). Dr. Cristobal violated both of the passport-related conditions in that bond, and then made misleading under-oath statements to Pretrial Services about those violations. After her arrest, Dr. Cristobal told Pretrial Services that she had lost her passport, and therefore could not surrender it. But in fact, by approximately May 2021, Dr. Cristobal had apparently located her passport—if it was ever lost—and sent it to the State Department, to apply for a new one. (Dkt. 45 at 9-11 (transcript of bail review hearing, attached as Exhibit A)). Then, in August 2021, Dr. Cristobal compounded her supervised release violations by lying to Pretrial Services in an attempt to conceal her scheme. She signed a Pretrial Services form, under penalty of perjury, stating "I, Purificacion Cristobal, have been ordered to surrender my passports… At this time I cannot surrender these passports…because *I am unaware of the location* and do not possess said items." (*Id.* at 14 (emphasis added)). These lies under oath demonstrate not only Dr. Cristobal's risk of flight, but also her indifference towards the law and the Court officers responsible for supervising her.

At the December hearing, defense counsel dismissed this as an "isolated incident," but apparently recognizing the significance of these events, specifically proposed that Dr. Cristobal put up her home as security for the bond in order to remain on pretrial release. (*Id.* at 26). The Court found this incident "inexcusable," and said to Dr. Cristobal "I don't know what possessed you to think that you could travel and get a passport and lie about the passport." (*Id.* at 29). But because of the conditions at MDC during the pandemic, the Court took Dr. Cristobal up on the offer to post security for the bond, imposing that condition as well as some other additional restrictions on her pretrial release. (*Id.* at 27-28; *see also* Dkt. 43).

The Government has learned that this passport issue was not an "isolated incident" after all. It turns out that Dr. Cristobal began violating the terms of her pretrial release just weeks after they were imposed. Dr. Cristobal's original, July 8 2020 bond prohibited her from prescribing controlled substances. (Dkt. 32 at 7). Yet according to recently obtained data from the New York Department of Health's Bureau of Narcotic Enforcement (which the Government has provided to the defense), on August 4, 2020 and September 11, 2020, Dr. Cristobal certified two patients to receive medical marijuana despite the pretrial release condition prohibiting her from doing so (and despite the fact that her license to prescribe controlled substances had been revoked on the day of her arrest). Dr. Cristobal's continuing to unlawfully prescribe controlled substances while unlicensed and on pre-trial release—conduct that mirrors the offense conduct here—suggests that she does not truly recognize the seriousness of her situation or the Government's charges. That she almost immediately disregarded the Court's pretrial release conditions is further evidence of the risk of flight here.

In her motion, Dr. Cristobal tries to downplay, or outright ignores, these significant breaches of the terms of release. She argues that she is "not a flight risk" because "she has no passports in her possession, as she surrendered an invalid passport to the State Department and has never received a new one." (Dkt. 80 at 1). But Dr. Cristobal "has no passports in her possession" because she retained her passport in violation of her terms of release, lied to Pretrial Services about it, and "surrendered" it to the State Department in an effort to get a new one. And she "never received" a new passport only because the Government discovered, and prevented, her attempt to obtain one. As for the other facts Dr. Cristobal offers about risk of flight, they were already accounted for in the Court's December 2021 analysis of the conditions necessary to mitigate Dr. Cristobal's demonstrated risk of flight.

Notwithstanding Dr. Cristobal's sanitized description of the passport incident, her history on pretrial release shows that she is a fight risk. The conditions the Court imposed in December 2021 were the least restrictive conditions available to mitigate that risk, and nothing about the significant risk of flight posed here has changed. If anything, the risk of flight is greatest now, on

the eve of trial. The Court should therefore deny the defendant's application to modify the terms of her pretrial release.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____/s/_____
Jun Xiang / Kyle Wirshba / Derek Wikstrom
Assistant United States Attorneys
(212) 637-2289 / 2493 / 1085

**CC (By ECF)**
Kristen Santillo, Esq.
Fern Mechlowitz, Esq.
Michael Musa-Obregon, Esq.

```
The Court is in receipt of Defendant Purificacion Cristobal's letter
requesting the modification of the conditions of her pretrial release
(Dkt. #80) and the Government's above responsive letter.

After reviewing the parties' submissions, the Court hereby GRANTS Dr.
Cristobal's request to modify the conditions of her release to remove the
Confession of Judgment condition.  Dr. Cristobal shall provide Pretrial
Services with the refinancing paperwork described in her letter.

The Clerk of Court is directed to terminate the motion at docket entry 80.


Dated:   July 29, 2022           SO ORDERED.
         New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE