UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | |
|---|---|
| v. | 20 Cr. 463 (KPF) |
| PURIFICACION CRISTOBAL, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

Defendant Purificacion Cristobal has filed a *pro se* motion for a sentence reduction pursuant to the compassionate release provision, 18 U.S.C. § 3582(c)(1)(A)(i), which motion was docketed by the Court on June 26, 2024. (Dkt. #231).[1]  In her motion papers, Defendant recites that she has not exhausted her administrative remedies by presenting the request in the first instance to the warden of her facility, explaining her belief that U.S.S.G. § 1B1.13 has been revised to "reflect that a defendant is now authorized to file a motion under" 18 U.S.C. § 3582(c)(1)(A)(i).  (*Id.* at 4).  While it is true that a defendant can now file such a motion directly with the court, the statute still requires that the defendant "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

---

[1] Defendant separately filed a motion for a reduction in sentence pursuant to Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") and 18 U.S.C. § 3582(c)(2).  (Dkt. #230).  That motion will be addressed in a separate order.

This Court recognizes that Defendant's failure to exhaust does not deprive the Court of jurisdiction to consider the motion, but rather is a claims-processing rule that can be waived or forfeited by the Government.  *See, e.g.*, *United States* v. *Saladino*, 7 F.4th 120, 121 (2d Cir. 2021); *accord United States* v. *Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).  Significantly, however, it has been this Court's experience that the Government has raised the administrative exhaustion issue in virtually every case in which it has been applicable.  Accordingly, so that the resolution of Defendant's motion is not delayed unnecessarily because of a latent procedural defect, the Court requests that Defendant present her claim to the warden of her facility and advise the Court when the claim has been administratively exhausted.  If Defendant wishes not to exhaust her claim, she can advise the Court of her position; the Court cautions Defendant, however, that an unexhausted claim will likely be denied on procedural grounds.

The Clerk of Court is directed to terminate the pending motion at docket entry 231.  The Clerk of Court is further directed to mail a copy of this Order to Defendant at the following address:

> Purificacion Cristobal, Reg. No. 88061-054
> FCI Marianna
> Federal Correctional Institution
> P.O. Box 7007
> Marianna, Fl 32447

SO ORDERED.

Dated: July 8, 2024
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge